UNITED STATES of America,
Plaintiff–Appellee,

v.

Terry Lee McNEAL,
Defendant–Appellant.

No. 88–1043.

United States Court of Appeals,
Tenth Circuit.

Jan. 20, 1989.

Mary Catherine Jackson, Kansas City, Kan. for defendant-appellant.

Julie A. Robinson, Asst. U.S. Atty. (Benjamin L. Burgess, Jr., U.S. Atty., with her on the brief), Kansas City, Kan., for plaintiff-appellee.

Before McKAY, TACHA, and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Terry Lee McNeal and his brother, Randolph R. McNeal, also known as Bobby McNeal, were jointly charged with the armed robbery of a state chartered credit union whose "deposits" were federally insured, in violation of 18 U.S.C. § 2113(a) and (d) (1984). Each was also charged in a separate count with carrying a firearm in the commission of that robbery, in violation of 18 U.S.C. § 924(c) (1976). A jury convicted both defendants on all counts. Separate appeals were taken, and each has his own counsel in this court. These appeals were not consolidated for appellate purposes, and were separately briefed and argued. Some, though not all, of the grounds urged for reversal are common.

The background facts are set out in the opinion filed this date in Bobby McNeal's appeal and will not be repeated here, 865 F.2d 1167. We note, however, that it was the government's theory of the case that the robber dressed in the striped shirt and white fishing hat, who assaulted the security guard and took his Colt Diamondback revolver, was Terry McNeal, and that the robber who wore the Afro wig and obtained the money from the tellers was Bobby McNeal. Additional facts will only be developed as they pertain to the specific points urged here by Terry McNeal as grounds for reversal. Terry McNeal asserts the following as reversible error:

### I. Insufficient Evidence to Establish that:

**A.** The "accounts" of the credit union were "federally insured."

This matter is discussed in our opinion filed this date in No. 88–1042, *United States v. Bobby McNeal.*

**B.** That Terry McNeal was involved in the robbery.

Although Terry McNeal did not testify at trial, it was nonetheless his theory of the case that he was not one of the robbers. He claimed he was in the State of Washington on the date of the robbery, and he called several alibi witnesses to support his position. Our inquiry upon review of a criminal conviction, however, is whether a reasonable jury could have found defendant guilty beyond a reasonable doubt. *United States v. Hooks,* 780 F.2d 1526, 1530–31 (10th Cir.) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)), *cert. denied,* 475 U.S. 1128, 106 S.Ct. 1657, 90 L.Ed.2d 199 (1986).

At trial, Richard Monger, a customer in the credit union at the time of the robbery, identified Terry McNeal as the one who assaulted the security guard. Pamela Hecht, an assistant manager, also testified that Terry McNeal assaulted the security guard. Jockenna O'Neal, a long-time friend of both McNeal brothers, was shown surveillance photos taken during the robbery, and she identified both Terry and Bobby McNeal. Additionally, O'Neal testified that Terry McNeal sold her the Colt Diamondback revolver in April 1986, which was subsequently identified as the revolver taken from the security guard during the robbery. In short, there is sufficient evidence in the record supporting the jury's determination that Terry McNeal was one of the robbers.

### II. Denial of Terry McNeal's Motion to Sever

Terry McNeal, prior to trial, filed a motion to sever his trial from the trial of his brother, Bobby McNeal. In that motion, Terry McNeal alleged that he would be prejudiced by his brother's criminal record if he were tried with his brother in a joint trial, because the jury might be confused by the "family relationship" between the two defendants. That motion was denied.

On appeal, Terry McNeal argues that the trial court's denial of his motion to sever was reversible error, and he advances an additional ground for severance in this court which was not advanced in the trial court. Terry McNeal argues that if the trial had been severed, Bobby would have testified in support of Terry's alibi. In the joint trial, however, Bobby McNeal would not testify as an alibi witness, because he feared that in testifying for Terry, Bobby's prior criminal record would be brought out to his detriment. Ordinarily, matters not urged in the trial court will not be considered for the first time in an appellate court. *See Kirkpatrick Oil & Gas Co. v. United States,* 675 F.2d 1122, 1123 n. 1 (10th Cir.1982) (citing *Gumes v. Williams,* 420 F.2d 1364, 1367 (10th Cir.1970)); *Nulf v. International Paper Co.,* 656 F.2d 553, 559 (10th Cir.1981). In any event, we are not persuaded by counsel's argument that the trial court abused its discretion in denying the motion to sever.

As a general rule joint participants in a criminal act can expect to be indicted together and tried together. *United States v. Dill,* 693 F.2d 1012, 1014 (10th Cir.1982). The fact that Terry and Bobby McNeal were brothers does not dictate separate trials. In fact, in *United States v. Williams,* 809 F.2d 1072, 1084 (5th Cir. 1987), the Fifth Circuit found no abuse of discretion in a trial court's denial of a motion to sever where the defendants were twin brothers and one of the brothers had a criminal record. *See also United States v. McConnell,* 749 F.2d 1441, 1445 (10th Cir. 1984) (factors to be considered when defendant moves for severance and claims that he desires the testimony of his codefendant at trial); *United States v. Mabry,* 809 F.2d 671, 683 (10th Cir.) (applying the *McConnell* factors), *cert. denied,* — U.S. ——, 108 S.Ct. 33, 98 L.Ed.2d 164 (1987). Accordingly, the trial court did not err in denying appellant's motion to sever.

### III. Instruction Referring to the Credit Union's "Deposits," Vis-a-vis "Accounts"

This matter was discussed in our opinion in Bobby McNeal's appeal.

### IV. Prosecutorial Misconduct

Terry McNeal relies on the same prosecutorial misconduct as Bobby McNeal. In this regard, see our opinion in Bobby McNeal's appeal.

### V. Denial, Without a Hearing, of Terry McNeal's Motion to Query the Jurors

■ A local rule of court forbids counsel from questioning jurors after a verdict is returned unless the trial court, upon formal application and after a hearing at which "just cause" is shown, enters an order authorizing counsel to question the jurors. In the instant case, Terry McNeal's counsel filed a post-trial motion for an order that he be permitted to query the jurors. In support of that motion, counsel stated "that such inquiry is essential to the preservation of all bases for appeal and to resolution of the question of juror misconduct or improper actions in reaching the aforesaid verdict." The district court denied appellant's motion without formal hearing. On appeal, appellant argues that the district court erred in denying his motion without a hearing. Apparently, he seeks a remand with direction that the district court now hold a hearing on his request to query the jurors.

The government argues that the local rule merely requires that before an order permitting counsel to query jurors be granted, there must be a formal application and a hearing held at which "just cause" is shown. However, the government contends that the rule does not require a hearing if the motion is insufficient on its face, in which circumstance it may be denied without hearing. We agree with this interpretation of the local rule. The reasons given in appellant's motion are conclusory in nature and insufficient to trigger a hearing. No request was made in the trial court for a hearing. The general rule is that members of a jury who have complet-

ed their service should not be subject to harassment and annoyance by post-trial interrogation from disappointed counsel fishing for error. *See Tanner v. United States,* 483 U.S. 107, 107 S.Ct. 2739, 2746–51, 97 L.Ed.2d 90 (1987). Therefore, the trial court did not err in denying appellant's motion without a hearing.

JUDGMENT AFFIRMED.