993 F.2d 1552
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Keith Wayne DENNIS, Defendant-Appellant.
 No. 92-6339.
 United States Court of Appeals, Tenth Circuit.
 May 10, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant appeals his conviction and sentence for distribution of cocaine base. 21 U.S.C. § 841(a)(1). Defendant claims (1) the evidence was insufficient to support his conviction; and (2) the sentencing court erred in applying a two-level enhancement for possession of a dangerous weapon during the commission of the offense, U.S.S.G. § 2D1.1(b)(1) (Nov. 1992). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.
 
 
 2
 From August 1991 to December 1991, the Drug Enforcement Administration ("DEA") conducted an ongoing investigation of the drug distribution organization of Leson Reed and his associates, including Defendant, in Oklahoma City, Oklahoma. During the course of the investigation, a confidential informant, Williams, and an undercover police officer, Detective Bostic, purchased cocaine base from Reed and his associates on several occasions.
 
 
 3
 On October 10, 1991, Williams, at the direction of DEA agents, telephoned Reed and arranged for the purchase of four ounces of cocaine base at the Strictly Neat Body Shop ("the Body Shop"), which the DEA had placed under video surveillance. When Williams and Detective Bostic arrived at the Body Shop, Reed indicated to them that his "home boy was on the way with the dope." Tr. at 14. After a short period of time, Reed pointed to an approaching Chevrolet Caprice and stated, "[h]ere he comes now." Id. Williams, who testified that he had previously seen the driver of the Caprice on numerous occasions, identified the driver as "Ki-Ki."[1]
 
 
 4
 To carry out the cocaine base transaction, Williams and Detective Bostic placed $4,000 on a shelf in the garage area of the Body Shop. Defendant approached the garage area, reached under his shirt, and removed a plastic bag containing approximately four ounces of cocaine base from his pants. Defendant laid the cocaine base on the shelf next to the money, and assisted another associate in counting the money. Shortly thereafter, the transaction was complete, and Williams and Detective Bostic left the Body Shop.
 
 
 5
 Within one or two days of the transaction at the Body Shop, Detective Bostic went through investigation photographs and identified Ki-Ki. In February 1992, the DEA discovered that Defendant was Ki-Ki, and charges were filed against him. Defendant was arrested in California on May 12, 1992, and trial was held on September 28, 1992.
 
 
 6
 At Defendant's trial, Williams and Detective Bostic testified and positively identified Defendant as the driver of the Chevrolet Caprice who delivered four ounces of cocaine base during the October 10, 1991 Body Shop transaction. In addition, the jury viewed the video tape of the drug transaction. The jury convicted Defendant of distribution of approximately 103.7 grams of cocaine base. On the following day, Defendant was sentenced to 240 months imprisonment, to be followed by five years of supervised release.
 
 
 7
 Defendant claims that the evidence was insufficient to support his conviction. Defendant argues that there was insufficient evidence to prove that he was the one who delivered the cocaine base on October 10, 1991.
 
 
 8
 When considering a sufficiency claim, "[t]he evidence--both direct and circumstantial, together with the reasonable inferences to be drawn therefrom--is sufficient if, when taken in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." United States v. Hager, 969 F.2d 883, 887 (10th Cir.1992) (citation omitted), cert. denied, 113 S.Ct. 437 (1992). Our review does not include determinations of credibility of witnesses and weight of testimony as this is the jury's function as trier of fact. United States v. Levario, 877 F.2d 1483, 1485 (10th Cir.1989).
 
 
 9
 In support of his evidence insufficiency claim, Defendant relies on numerous facts involving the circumstances of the cocaine transaction, the possible state of mind of Detective Bostic at the time of the transactions, as well as the fact that Defendant was not charged with the crime until more than four months after the transaction. All of these factors, however, go to the credibility of the eyewitnesses and the weight of their testimony. Both Williams and Detective Bostic were subjected to cross-examination directed at weakening their identification of Defendant. They both continuously reasserted their certainty that Defendant was the one who delivered the cocaine base to the Body Shop. Further, although the video tape could have been clearer, Detective Bostic identified Defendant in the tape. In addition, although Williams only knew Defendant as Ki-Ki, he had seen him on numerous occasions prior to the date of the transaction. Moreover, the delay in charging Defendant was only due to the fact that it took the DEA some time to link Defendant's legal name to his physical description, photograph, and nickname. Finally, Defendant presented no evidence that conflicted with the eyewitnesses' identifications. Viewed in the light most favorable to the government, we conclude that a reasonable jury could credit Williams' and Detective Bostic's testimony and find Defendant guilty beyond a reasonable doubt.[2] See e.g., United States v. McNeal, 865 F.2d 1173, 1174 (10th Cir.1989) (positive identification by three eyewitnesses, in face of alibi evidence, is sufficient evidence to sustain conviction); United States v. Terry, 760 F.2d 939, 941 (9th Cir.1985) (positive eyewitness identifications, in absence of conflicting testimony, is sufficient evidence to sustain convictions).
 
 
 10
 Defendant also claims that the court erred in applying a two-level enhancement for possession of a dangerous weapon during the commission of the offense, U.S.S.G. § 2D1.1(b)(1) (Nov. 1992). In response to Defendant's objection at the sentencing hearing to the presentence report, the court replied that it had already determined in a related trial that guns were present. Based on this statement alone the court overruled Defendant's objection.
 
 
 11
 For § 2D1.1(b)(1) to apply, the government must prove possession of a weapon by a preponderance of the evidence. United States v. Underwood, 938 F.2d 1086, 1091 (10th Cir.1991). We review the court's determination for clear error, and must reverse the district court if the court's finding is without factual support in the record. Id. "[W]e must be able to tie the court's sentencing decisions to a factual basis in the record to be assured that basis meets the proper legal standard underpinning the enhancement provision." United States v. Slater, 971 F.2d 626, 633-34 (10th Cir.1992).
 
 
 12
 Although the district court, in making factual findings, can use reliable evidence from a codefendant's trial, United States v. Beaulieu, 893 F.2d 1177, 1181 (10th Cir.), cert. denied, 497 U.S. 1038 (1990), the related transcript of that trial, at a minimum, must be admitted in Defendant's proceeding so that Defendant has notice and an opportunity to rebut or explain the evidence used against him. See id. The court failed to do so; therefore, the court's determination that a § 2D1.1(1)(b) enhancement was applicable is without factual support in the record. No evidence was introduced during Defendant's trial or sentencing hearing that Defendant possessed a weapon during the transaction or that a codefendant's possession of a weapon was reasonably foreseeable to Defendant. As this is the proper legal standard for weapons enhancement, see United States v. McFarlane, 933 F.2d 898, 899 (10th Cir.1991), and Defendant properly objected, the government must introduce evidence on remand from which the court can make the factual findings necessary to conclude that, under this standard, the enhancement is appropriate.
 
 
 13
 Defendant's conviction is AFFIRMED. Defendant's sentence is REVERSED and the case is REMANDED for resentencing.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant was subsequently identified as Ki-Ki
 
 
 [2]
 We find Defendant's reliance on United States v. Doe, 664 F.2d 546 (5th Cir.1981) unpersuasive. In Doe, the undercover detective's identification of the defendant was severely clouded by an overwhelming amount of conflicting testimony. Id. at 549-50. Such is not the case here