**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

KEITH WAYNE DENNIS,

  Defendant - Appellant.

No. 08-6197

(W.D. Oklahoma)

(D.C. No. 92-CR-00005-W-4)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Defendant and appellant Keith Wayne Dennis appeals from the denial of his

motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2). We affirm.

**BACKGROUND**

Mr. Dennis was found guilty by a jury of one count of knowing and

unlawful distribution of approximately 103.7 grams of cocaine base, in violation

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of 21 U.S.C. § 841(a)(1). Prior to Mr. Dennis's trial, the government filed notice pursuant to 21 U.S.C. § 851 that he was subject to a mandatory life sentence based upon two prior drug convictions. Because a presentence report ("PSR") had already been prepared, Mr. Dennis requested immediate sentencing and was sentenced the next day. The PSR recommended a base offense level of 32, which, with a two-level enhancement because guns were present during the drug transaction and a two-level reduction for his minor role in the offense, yielded a total adjusted offense level of 32.

With a criminal history category of VI, based on Mr. Dennis's extensive criminal history, the sentencing range under the then-mandatory United States Sentencing Commission, Guidelines Manual ("USSG") (1990), was 210 to 262 months' imprisonment. However, "because the statute [21 U.S.C. § 841(a)(1)(A)] requires a minimum of 20 years, the guideline range is 240 to 262 months." PSR at ¶ 71 (citing USSG §5G1.1(c)(2)).[1] The district court then sentenced Mr. Dennis to 240 months' imprisonment, followed by five years of supervised release.

Mr. Dennis appealed, and this court affirmed his convictions but reversed and remanded for resentencing because the record on appeal did not contain admitted evidence to support the firearms enhancement. United States v. Dennis,

---

[1]USSG § 5G1.1(c)(2) provided that a "sentence may be imposed at any point within the applicable guideline range, provided that the sentence – is not less than any statutorily required minimum sentence."

No. 92-6339, 1993 WL 152633 (10th Cir. Jan. 10, 1993) (unpublished). The district court resentenced Mr. Dennis to 240 months. He appealed that decision, and we granted his motion to dismiss the appeal.

On April 23, 1997, Mr. Dennis filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The district court denied the motion, and we dismissed his appeal because of jurisdictional defects. On June 6, 2001, Mr. Dennis filed a motion in this court seeking permission to file a successive § 2255 motion in the district court. We denied permission and dismissed the matter.

On April 19, 2005, Mr. Dennis filed a motion to modify his sentence pursuant to 18 U.S.C. §§ 3582(c)(2), 3553(a) and (b), and USSG §5K2.0. The district court denied the motion. On July 25, 2006, Mr. Dennis filed another motion pursuant to 18 U.S.C. § 3582(c)(2), which was transferred to this court and dismissed. Finally, on March 10, 2008, Mr. Dennis filed a motion in the instant case pursuant to 18 U.S.C. § 3582(c)(2) for retroactive application of the amendment to the Sentencing Guidelines relating to offense levels for offenses involving crack cocaine.[2] The district court appointed counsel for Mr. Dennis, who filed a motion for retroactive application of the crack cocaine amendment,

---

[2]The United States Sentencing Commission promulgated Amendment 706 to the Guidelines, which reduced the base offense levels for crack cocaine-related offenses, on November 1, 2007. See United States v. Rhodes, 549 F.3d 833, 835 (10th Cir. 2008).

pursuant to § 3582(c)(2). The district court conducted a hearing on June 25, 2008, and, on August 29, 2008, denied the motion for a reduction of sentence. This appeal followed.

On appeal, Mr. Dennis argues that, because he was sentenced pursuant to the Guidelines, rather than pursuant to a statutory mandatory minimum, he may take advantage of the retroactive application of Amendment 706, which reduced the base offense levels for offenses involving cocaine base. Thus, he argues, application of the Amendment would result in a base offense level of 30, and a corresponding reduction of the sentencing range under the now-advisory Guidelines.

## DISCUSSION

"We review de novo the district court's interpretation of a statute or the sentencing guidelines." United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997) (further quotation omitted). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." Id. (further quotation omitted).

A court may modify a sentence or reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . if such a reduction is consistent

-4-

with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 706 accomplished such a lowering of the sentencing range applicable to someone, like Mr. Dennis, whose conviction related to crack cocaine. Accordingly, whether Mr. Dennis is able to take advantage, under § 3582(c)(2), of the retroactive application of Amendment 706 depends, as the district court observed and both parties agree, on whether he was sentenced under the Guidelines, or was sentenced pursuant to the statutory mandatory minimum. See Smartt, 129 F.3d at 542 (holding that the defendant was not entitled to a reduction in sentence under § 3582(c)(2) because he was sentenced to a statutory mandatory minimum, rather than pursuant to the Guidelines). The district court found "upon review of the record that Dennis was sentenced to the mandatory minimum term of incarceration of 240 months and was not sentenced pursuant to the sentencing guidelines. As a result, Dennis is not now eligible for a sentence reduction under Amendment 706." Order at 4, R. Vol. 1, tab 359.

To resolve this question, we return to Mr. Dennis's sentencing proceeding in 1992, and his resentencing in 1993. Mr. Dennis was convicted of an offense that carried a mandatory minimum sentence of ten years. 21 U.S.C. § 841(b)(1)(A). That statute provided that the mandatory minimum could be increased from ten to twenty years' imprisonment if the violation was committed "after a prior conviction for a drug felony offense has become final." Id.

-5-

Further, the defendant was subject to a mandatory life sentence if the current offense was committed "after two or more prior drug felony convictions have become final." Id.

At the time of Mr. Dennis's initial sentencing, the government sought the mandatory life sentence, relying upon 1982 convictions for two counts of possession of PCP, which were consolidated for conviction and sentencing under a single case number in the Los Angeles Superior Court in September 1982. When Mr. Dennis appeared for sentencing the day following his conviction in the instant case, the PSR included in Mr. Dennis's criminal history the 1982 convictions. It further recited that the Guideline sentencing range applicable to him was 210 to 262 months, but "because the statute requires a minimum of 20 years, the guideline range is 240 to 262 months." PSR ¶ 71. The PSR also stated that both the statutory and the Guidelines supervised release term was five years. Id. ¶¶ 73, 74.

Mr. Dennis objected to the 1982 Los Angeles convictions upon which the government relied for its argument that a statutory mandatory life sentence was appropriate. The district court rejected his objection, agreeing with the government's argument that the relevant statute (21 U.S.C. § 851(e)) did not permit challenges to convictions more than five years old. The district court did not expressly rule on whether a single prior conviction, or whether "two or more prior convictions," had been established for purposes of enhancing Mr. Dennis's

sentence from ten to twenty years or to life imprisonment. However, in sentencing him to 240 months' imprisonment (twenty years), it implicitly found that one prior conviction had been established.

Mr. Dennis also objected to the two-level Guideline enhancement for the presence of firearms, which the district court also overruled. The court then imposed a sentence of 240 months, followed by five years of supervised release. Then the following exchange occurred between the court and government counsel:

> MS. KAESTNER: I know the Court has already announced sentence. Again, I feel like I must protect our record.
>
> Under our enhancement, we feel that the way the statute reads that the sentence the Defendant is entitled to is the mandatory life sentence.
>
> THE COURT: I understand that is your position.

Tr. of Sentencing Proceedings at 10, Appellant's Op. Br., attach. D. The written judgment imposing Mr. Dennis's sentence contained a box in which the district court judge had checked that he "adopt[ed] the factual findings and guideline application in the presentence report." Judgment at 4, R. Vol. 1, tab 146. That, obviously, included the adoption of the PSR's recommendation that the statutory minimum sentence of 240 months was the appropriate sentence. Nothing in the transcript of the initial sentencing proceeding contradicts the fact that the district court specifically adopted the PSR, which expressly stated that the mandatory minimum statutory sentence of 240 months applied to Mr. Dennis.

At the 1993 resentencing proceeding, following our remand, the government presented testimony relating to the presence of firearms, and the district court found that there was sufficient evidence to determine "that the enhancement for use of a firearm or having a firearm in the immediate area is applicable." Tr. of Resentencing Proceedings at 10, Appellant's Op. Br., attach. E. The court again imposed a sentence of 240 months, followed by five years of supervised release. As before, the written judgment indicated that the district court had expressly adopted the PSR, including its recommendation of a statutory mandatory minimum sentence.

Mr. Dennis argues that, because the proper statutory term of supervised release was ten years, not five, while the applicable Guidelines term was five years, the district court's imposition of a five-year term confirms that the court was imposing a Guidelines sentence. We conclude that the record supports the district court's candid admission that it simply erred in imposing a five-year, rather than a ten-year, term of supervised release. See Order at 4 n.1, R. Vol. 1, tab 359 ("Dennis is correct that if he was sentenced to a mandatory minimum sentence of 240 months, he should have received ten (10) years of supervised release, rather than the five (5) years the Court imposed. Based upon the record, it is clear that the Court erred in its determination regarding the amount of supervised release to which Dennis was sentenced.").

Mr. Dennis also argues that the government would have argued on direct appeal that any error in the Guidelines calculation based on the firearms enhancement was harmless, if it believed that his sentence was a statutory one. Further, he asserts that the government would not have pursued, on resentencing, the firearms issue, which related only to a Guideline enhancement, if the government was assuming that the sentence imposed was statutory. Thus, he argues that the government "did not rely on the statutory minimum sentence at two critical and obvious points in the protracted litigation of this case." Appellant's Op. Br. at 15. Mr. Dennis asserts that those two failures constitute a waiver of the argument that the sentence is statutory.

The government responds that it has not waived this issue because it raised it before the district court in the instant proceeding and any position taken in prior proceedings is irrelevant and/or did not constitute a waiver. While it is true that the government did argue the substance of the firearms enhancement on resentencing, rather than simply relying upon the applicability of the statutory mandatory minimum, at oral argument in this appeal the government simply stated that it was, in essence, covering all its bases, and pursued the proof of firearms even though it understood that Mr. Dennis was subject to the statutory

mandatory minimum. Nothing in the record contradicts that fact, either, and it is certainly a tactic we have seen in many other sentencing proceedings.[3]

In sum, the record supports the district court's conclusion that Mr. Dennis was sentenced pursuant to the statutory mandatory minimum sentence of 240 months. Accordingly, he may not take advantage of the retroactive application of Amendment 706. While the sentencing proceedings in this case were not models of clarity, we are convinced that Mr. Dennis's sentence was statutory.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Mr. Dennis's motion.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[3]The government further argues that Mr. Dennis himself has conceded in various post-conviction pleadings that he was sentenced pursuant to the statutory mandatory minimum. We have reviewed all the post-conviction pleadings in the record, and we agree that Mr. Dennis has conceded that point at various stages. We would not view that as dispositive, however, unless we were convinced that the district court had in fact imposed a statutory sentence.