FILED
United States Court of Appeals
Tenth Circuit

May 28, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY BERNARD LACY,

Defendant - Appellant.

No. 08-2249
(D. Ct. No. 1:99-CR-00439-BB-2)
(D. N. Mex.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Gregory Lacy asserts that the district court erred when it denied his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) after the United States Sentencing Guidelines ("U.S.S.G" or "Guidelines") were amended. Because Mr.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Lacy was sentenced to the statutory minimum, and not under the applicable Guidelines range, the amendment to the Guidelines did not affect his sentence. We therefore AFFIRM the district court's denial of Mr. Lacy's motion.

## I. BACKGROUND

A jury convicted Mr. Lacy of possession with intent to distribute fifty grams or more of a mixture containing cocaine base. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A). The total offense level, in combination with Mr. Lacy's criminal history category, produced an advisory Guidelines range of 188 to 235 months. However, because Mr. Lacy had a prior felony drug conviction, the offense carried a minimum sentence of twenty years (240 months) under 21 U.S.C. § 841(b)(1)(A)(iii). Under the Guidelines, when the statutory minimum sentence exceeds the top of the applicable Guidelines range, the statutory minimum sentence becomes the Guidelines sentence. U.S.S.G. § 5G1.1(b). Therefore, the court sentenced Mr. Lacy to 240 months in prison.

In 2007, Amendment 706 to the Guidelines changed the drug quantity tables. U.S.S.G. Supp. to App'x C, amend. 706 (Nov. 2007). Mr. Lacy asserts that under the revised Guidelines, the sentencing range for his offense is 121 to 151 months. As a result, Mr. Lacy argues that he is entitled to a shorter sentence.

## II. DISCUSSION

We review the district court's decision not to reduce a defendant's sentence for abuse of discretion. *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). Where, as here, the defendant seeks a reduction in his sentence based on a subsequent

amendment to the Guidelines, the district court may modify his sentence only if the amendment has the effect of lowering his Guidelines range. *See id.* at 1238–39. The amendment to the Guidelines does not have this effect. The Guidelines range did not determine Mr. Lacy's original sentence; rather, his sentence was based on the statutory minimum listed in 21 U.S.C. § 841(b)(1)(A)(iii). *See* U.S.S.G. § 5G1.1(b); *see also United States v. Novey*, 78 F.3d 1483, 1486 (10th Cir. 1996) ("[T]he Sentencing Commission does not have the authority to override or amend a statute.").

We rejected a defendant's argument under similar circumstances in *United States v. Smartt*, 129 F.3d 539 (10th Cir. 1997). The defendant had been convicted of several marijuana offenses and sentenced to a mandatory minimum of sixty months. *Id.* at 540. After the Guidelines range for his offenses had been reduced, Mr. Smartt moved for a reduced sentence under 18 U.S.C. § 3582(c)(2). This court affirmed the district court's denial of his motion, noting that because he was sentenced to a statutory minimum, Mr. Smartt "was not sentenced pursuant to the guidelines." *Id.* at 542. While this case involves a different amendment to the Guidelines, the same rule applies. Mr. Lacy was sentenced pursuant to a statutory minimum, and thus a change to the Guidelines does not provide the grounds to lower his sentence.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Mr. Lacy's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge