**UNITED STATES COURT OF APPEALS**

**June 9, 2009**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　　Plaintiff–Appellee,

v.

DAVID GRIEGO,

　　　　　Defendant–Appellant.

No. 09-2029
(D.C. No. 1:01-CR-01721-LH-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

David Griego, a federal prisoner proceeding pro se,[1] appeals the district

court's denial of his request for a sentence reduction pursuant to 18 U.S.C.

§ 3582(c)(2) and United States Sentencing Guidelines ("U.S.S.G.") Amendment

706.  Because he was sentenced pursuant to a Guidelines range that remains

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.  The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

[1] Because Griego proceeds pro se, we construe his filings liberally.  See
Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

unchanged, he is not entitled to a § 3582(c)(2) reduction. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

## I

On December 20, 2001, Griego was indicted on two counts: (1) distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2; and (2) distribution of less than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. After initially pleading not guilty, Griego entered into a plea agreement. The plea agreement set out the minimum and maximum penalties for each count, including "imprisonment for a period of not less than ten (10) years nor more than life" for Count 1. In addition, the agreement stipulated that "[p]rovided that the defendant meets the requirements of 18 U.S.C. § 3553(f)(1)-(5), the defendant's base offense level should be decreased by two (2) levels pursuant to U.S.S.G. § 2D1.1(b)(6), and the defendant should be sentenced without regard to the statutory minimum."

Griego then pleaded guilty to both counts of the indictment. His presentence report ("PSR") calculated a total offense level of 27. It also calculated four criminal history points, placing him in criminal history Category III. His offense level and criminal history category would have resulted in an advisory Guidelines range of 87 to 108 months, but because Count 1 required a minimum term of ten years' imprisonment, the Guidelines provided for an

advisory sentence of 120 months.  See § 5G1.1(b).  The district court adopted the PSR without change and imposed a sentence of 120 months' imprisonment "pursuant to the Sentencing Reform Act of 1984."

Four years after Griego was sentenced, the United States Sentencing Commission promulgated Amendment 706, retroactively providing a two-level reduction in base offense levels for crimes involving cocaine base.  See United States v. Rhodes, 549 F.3d 833, 835 (10th Cir. 2008).  Following Amendment 706, Griego moved for a modification to his sentence pursuant to 18 U.S.C. § 3582(c)(2).  He argued that under Amendment 706, his advisory Guidelines range had been lowered, justifying a reduction in his sentence.  On the basis of its finding that Griego was sentenced to the statutory mandatory minimum, not under a Guidelines range that had been lowered, the district court dismissed Griego's motion for lack of jurisdiction.  See § 3582(c).  Griego appeals.

## II

"The court may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."  18 U.S.C. § 3582(c) (emphasis added).  Griego argues that because his sentence was imposed "pursuant to the Sentencing Reform Act of 1984," his sentence falls within § 3582(c)(2).  We disagree.

- 3 -

As a general matter, all federal criminal sentences are imposed pursuant to the Sentencing Reform Act of 1984. See § 3551(a). Thus, the language upon which Griego relies is not relevant to his appeal. Rather, the question is whether he was sentenced "based on a sentencing range that has subsequently been lowered." § 3582(c)(2). We conclude that he was not.

As reflected in the PSR, adopted in full by the district court, because Count 1's statutory minimum term of ten years' imprisonment exceeded the otherwise applicable Guidelines range of 87 to 108 months, the applicable advisory Guidelines sentence was 120 months. See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Thus, the 87 to 108 month range was not the range on which Griego's sentence was based. Rather, he was sentenced based on the 120-month statutory minimum—which was also the Guidelines sentence—that remains unchanged.[2] See 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5G1.1(b). Accordingly, the district court was correct in determining that it lacked authority to modify Griego's sentence.

---

[2] Although Griego's plea agreement contained the stipulation that if he "meets the requirements of 18 U.S.C. § 3553(f)(1)-(5), . . . the defendant should be sentenced without regard to the statutory minimum," Griego did not satisfy those criteria. See 18 U.S.C. § 3553(f)(1) ("[T]he defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines . . . ."). Griego had 4 criminal history points.

## III

**AFFIRMED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge