**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 14, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MAKONNEN MILES,

Defendant-Appellant.

No. 08-3289

(Case No. 97-CR-10068-MLB)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

The defendant, Makonnen Miles, brings this *pro se* appeal challenging the district court's denial of the sentence-reduction motion he raised pursuant to 18 U.S.C. § 3582(c)(2). The court denied the motion on the grounds that it lacked jurisdiction to provide relief under Amendment 706 to the United States Sentencing Guidelines. Specifically, the court concluded that because Defendant was sentenced pursuant to a statutory mandatory minimum sentence, Amendment 706 provided no grounds to lower his sentence under § 3582(c)(2).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

As a threshold matter, we must determine whether we have jurisdiction to hear this appeal. "A timely notice of appeal is both mandatory and jurisdictional." *United States v. Langham*, 77 F.3d 1280, 1280 (10th Cir. 1996). "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1). The inmate bears the burden of proving the filing was timely made. *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005).

When a party is incarcerated, as is Defendant, a filing is considered timely "if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule." Fed. R. App. P. 4(c)(1). Where a prison has no system designed for legal mail, to take advantage of the prison mailbox rule, the inmate must submit either a "declaration in compliance with 28 U.S.C. § 1746" or a "notarized statement." *Id.* To be effective, the declaration or statement must "set forth the date of deposit and state that first-class postage has been prepaid." *Id.*; *see also Price*, 420 F.3d at 1166; *United States v. Smith*, 182 F.3d 733, 734 n.1 (10th Cir. 1999).

Defendant's notice of appeal was filed on October 20, 2008, three days past the filing deadline of October 17, 2008. Defendant asserts that he timely filed his notice of appeal, but that he dropped it in the wrong mailbox. However, the government argues the filing was untimely because Defendant is not entitled to

-2-

the protections of the prison mailbox rule. Specifically, the government contends Defendant's certificate of service fails to comply with the requirements of Federal Rule of Appellate Procedure 4(c) in that Defendant failed to declare under penalty of perjury the date on which he gave the documents to prison authorities.

At the outset, Defendant has failed to establish that a system designed for legal mail was unavailable for him to use. Further, even assuming Defendant lacked access to a satisfactory legal mail system, Defendant's certificate of service fails in numerous ways to meet the requirements of the statute with respect to regular mail. Because Defendant submitted no notarized statement, his declaration must comply with § 1746 to be valid. But to be in compliance with § 1746, the inmate must "subscribe" his declaration "as true under penalty of perjury." 28 U.S.C. § 1746. Defendant claimed the statement was true to the best of his information, but failed to attest to it *under the penalty of perjury*. Because the emphasized language is specifically required by § 1746, we have previously found declarations omitting this language to be insufficient. *See Price*, 420 F.3d at 1167. Indeed, we have consistently focused on the importance of this language. *See id.* at 1165 n.6.

In addition, Defendant made an even more significant omission: under Rule 4(c), the declaration must include the date of the document's deposit with prison authorities. While Defendant's certificate notes that it was "executed" on October 9, 2008, it does not specify when it was deposited with prison authorities.

-3-

This is a major distinction, especially where Defendant dated the first page of his notice of appeal October 12, 2009—three days after the certificate of service was executed. We cannot even begin to assess the applicability of the prison mailbox rule, let alone give Defendant the benefit of its protections, where we have no way to determine the date on which the documents were deposited with prison authorities.

Finally, as we observed in *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1145 (10th Cir. 2004), the general rule that we liberally construe the pleadings of *pro se* litigants does not relieve such litigants of the burden of following congressionally established procedural rules. This is especially true with respect to rules Congress adopted to apply exclusively to *pro se* litigants, such as Rule 4(c)(1). *Id.* at 1146. In this case, Defendant simply has not shown his compliance with Rule 4(c).

For the foregoing reasons, Defendant's notice of appeal does not qualify as timely under the prison mailbox rule, and we lack jurisdiction over his appeal.[1]

---

[1] Because we lack jurisdiction over this appeal, we need not address the merits. We note, however, that we have held that defendants cannot take advantage of sentence reductions under § 3582(c)(2) where they were sentenced pursuant to statutory mandatory minimum sentences. *See, e.g.*, *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997); *United States v. Lacy*, 2009 WL 1491482, at *1 (10th Cir. May 28, 2009); *United States v. Dennis*, 2009 WL 1416724, at *4 (10th Cir. May 21, 2009).

Therefore, this appeal is **DISMISSED**.  All other pending motions are **DENIED**.

Entered for the Court


Monroe G. McKay
Circuit Judge