**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 10, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TRUONG T. NGUYEN,

Defendant-Appellant.

No. 09-3024
(D.C. No. 6:05-CR-10160-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **ANDERSON**, and **EBEL**, Circuit Judges.

Truong T. Nguyen, a federal prisoner proceeding pro se, appeals the district

court's denial of his motion, brought under 18 U.S.C. § 3582(c)(2), seeking

modification of his sentence based on Amendment 706 to the United States

Sentencing Guidelines. Exercising our jurisdiction under 28 U.S.C. § 1291, we

affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not be of material assistance in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

In February 2006, Nguyen pled guilty to one count of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). This offense is subject to a mandatory minimum sentence of 120 months imprisonment. *Id.* § 841(b)(1)(A). According to the presentence investigation report prepared in Nguyen's case, his advisory guidelines sentence, were the mandatory minimum to be disregarded, would be in the range of 108 to 135 months. Nguyen was sentenced, however, to 120 months.

In November 2007, the United States Sentencing Commission promulgated Amendment 706 to the guidelines, which, in coordination with two subsequent amendments, retroactively reduced the base offense levels for crack cocaine-related offenses. *United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir. 2008), *cert. denied*, 129 S.Ct. 2052 (2009). In March 2008, Nguyen filed a pro se motion under 18 U.S.C. § 3582(c)(2) asking the district court to lower his sentence based on this amendment. The district court denied the motion, however, concluding that Nguyen was ineligible for relief under Amendment 706 because he was sentenced to a statutorily prescribed mandatory minimum sentence. The court also held that its previous determination that Nguyen did not qualify for the "safety valve" provision set forth in 18 U.S.C. § 3553(f) precluded relief under Amendment 706. *See generally United States v. Altamirano-Quintero*, 511 F.3d 1087, 1090 (10th Cir. 2007) (discussing district court's

authority to depart from a mandatory minimum sentence under circumstances set forth in § 3553(f)), *cert. denied*, 128 S.Ct. 2098 (2008). Nguyen renewed his § 3582(c)(2) motion in November 2008, and it is the district court's summary denial of his second motion that gave rise to this appeal.

II.

The district court effectively held that it lacked authority to grant Nguyen's motion in this case because any modification of his sentence under Amendment 706 would have run afoul of the mandatory minimum set forth in 21 U.S.C. § 841(b)(1)(A). The scope of the district court's authority in these circumstances is a question of law that we review de novo. *Rhodes*, 549 F.3d at 837 (holding that the scope of district court's authority to modify a sentence under 18 U.S.C. § 3582(c)(2) is a question of law reviewed de novo); *see also United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) ("We . . . review de novo the district court's legal determination that it possessed jurisdiction to modify Defendant's sentence.") (internal quotation marks omitted).

Section 3582(c)(2) empowers a district court to modify a sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). The Sentencing Commission does not have authority, however, to override a statute that imposes a mandatory minimum term of imprisonment. *Smartt*, 129 F.3d at 542. Accordingly, in several recent unpublished decisions, we have

-3-

held that Amendment 706 may not be used to modify a sentence imposed under a mandatory minimum statute, as opposed to the guidelines. *See, e.g., United States v. Griego*, No. 09-2029, 2009 WL 1598451, at *2 (10th Cir. June 9, 2009)*; United States v. Dennis*, 325 F. App'x 718, 723 (10th Cir. May 21, 2009); *see also Smartt*, 129 F.3d at 542 (holding defendant ineligible for a sentence reduction under § 3582(c)(2) because sentence was imposed pursuant to statute). Nguyen seeks a different outcome in his case, arguing that he was sentenced under the guidelines and is thus eligible for relief under Amendment 706. He contends that the district court's intent to sentence him under the guidelines, as opposed to the mandatory minimum statute, is reflected in the judgment, which indicates that he was sentenced under the Sentencing Reform Act of 1984 ("SRA"). He also contends that the Government expressly agreed to the imposition of a guidelines sentence in his plea agreement. We reject these arguments.

First, we recently explained that, as a general proposition, "all federal criminal sentences are imposed pursuant to the [SRA]." *Griego*, 2009 WL 1598451, at *2. As such, the judgment's boiler-plate reference to the SRA is meaningless in determining whether Nguyen's sentence was based on the mandatory minimum statute or the sentencing guidelines. *Id.* Nguyen's reliance on the plea agreement is likewise unavailing. That the Government requested application of the guidelines and even agreed to a two-level reduction in exchange

-4-

for Nguyen's cooperation indicates only that it agreed not to press for a sentence at the higher end of the advisory range.

Nothing in the plea agreement indicates the Government agreed to any facts that would have allowed the district court to disregard the mandate of 21 U.S.C. § 841(b)(1)(A). To the contrary, the agreement explicitly states that Nguyen had yet to provide "substantial assistance" to the Government, which may have prompted the Government to request a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). *See Altamirano-Quintero*, 511 F.3d at 1089-90 (explaining that such a motion enables the court to impose a sentence below the mandatory minimum). Moreover, Nguyen does not, and based on our review of the record likely could not, contest the district court's finding that he is ineligible for a safety valve sentence under U.S.S.G. § 5C1.2(a)(2) and 18 U.S.C. § 3553(f).[1] In short, the district court had no basis to disregard the mandatory minimum sentence in this case, and nothing in the conviction record indicates it

---

[1]     Under § 3553(f), a sentencing court must impose a guidelines sentence without regard to any statutory minimum if a number of conditions are met, one of which is that the defendant did not possess a firearm in connection with the offense. In this case, a search of Nguyen's apartment uncovered a semi-automatic handgun with ammunition, which was found in a bedroom closet along with a plastic bag containing powder cocaine, a scale, and some baggies. In light of this evidence, and our previous holding that "[t]he mere propinquity of . . . weapons and drugs suggests a connection between the two," *United States v. Payton*, 405 F.3d 1168, 1171 (10th Cir. 2005), we would be hard pressed to upset the district court's findings under the safety valve provision, which, again, Nguyen has not directly challenged.

intended to do so. Therefore, it did not err in concluding that Nguyen was ineligible for relief under Amendment 706.

III.

For these reasons, we AFFIRM the district court's order denying Nguyen's motion for sentence modification under 18 U.S.C. § 3582(c)(2); in addition we GRANT Nguyen's motion for leave to proceed on appeal *in forma pauperis.*

Entered for the Court


David M. Ebel
Circuit Judge