**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 22, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MARTIN MARTINEZ,

      Defendant - Appellant.

No. 13-2016
(D.C. No. 2:10-CR-00697-RB-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

When Martin Martinez pleaded guilty to conspiring to possess cocaine with the intent to distribute, the district court sentenced him to the statutory minimum of 60 months in jail. *See* 21 U.S.C. § 841(b)(1)(B). Now on appeal, his lawyer has filed an *Anders* brief.

Under *Anders v. California*, 386 U.S. 738 (1967), a defendant's lawyer may seek the court's permission to withdraw from an appeal if "after a conscientious

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

examination" he finds the appeal "wholly frivolous." 386 U.S. at 744. The attorney must then "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). The client may also submit his own arguments for our consideration. At that point, it becomes our charge to "conduct a full examination of the record to determine whether the defendant's claims are wholly frivolous." *Id.* If they are, we may grant counsel's motion to withdraw and dismiss the appeal.

Counsel's *Anders* brief identifies two potential grounds for appeal in this case — grounds echoed by Mr. Martinez in a *pro se* submission — and we are aware of no others. We agree with counsel that both lack merit.

First, Mr. Martinez might argue that the district court erred by failing to give him credit in its sentencing guidelines calculations for being merely a "minor participant" in the charged crime. U.S. Sentencing Guidelines Manual § 3B1.2(b) (2012). The trouble is, the advisory guidelines are irrelevant to Mr. Martinez's sentence. A federal statute bound the district court to issue a minimum sentence of 60 months in this case, no matter what the correctly calculated guidelines analysis might have suggested. *See, e.g.*, *Melendez v. United States*, 518 U.S. 120, 129-30 (1996); *United States v. Griego*, 333 F. App'x 380, 381-82 (10th Cir. 2009). While statutory mandatory minimum sentences can bear their exceptions, counsel correctly observes that, at least on the record before us, there is no

indication Mr. Martinez was lawfully entitled to invoke any exception in this case.

Second, Mr. Martinez might argue that his counsel was constitutionally ineffective at sentencing. But claims for ineffective assistance of counsel typically should be brought on collateral review, not on direct appeal. *See United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006); *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Neither do we see any reason why Mr. Martinez's case presents a reason to depart from this general rule.

Counsel's motion to withdraw is granted and this appeal is dismissed. In addition, the government's motion to dismiss for late filing of notice of appeal is denied in light of the district court's order granting Mr. Martinez's motion for an extension of time. *See* Fed. R. App. P. 4(b)(4).

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge