**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

SIMON JOSE LAGUNAS,

Defendant–Appellant.

No. 06-1004

(D. Colo.)

(D.C. No. 05-CR-00067-WYD)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Simon Lagunas pleaded guilty to knowing and intentional possession with intent to distribute a substance or mixture containing fifty or more grams of cocaine base. The court sentenced him to the statutorily required minimum of 120 months incarceration. Mr. Lagunas timely appealed. His counsel, Martha H. Eskesen, filed an *Anders* brief and moved to withdraw as counsel, stating that, despite a diligent search, she could find no basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). The government declined to submit a brief. Mr. Lagunas filed a *pro se* supplemental brief. Because we find that neither Mr.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Lagunas nor his counsel raises any non-frivolous issues on appeal, we grant counsel's motion to withdraw and dismiss the appeal.

## I. BACKGROUND

On January 20, 2005, Pueblo, Colorado police executed a search warrant at Mr. Lagunas's residence and recovered 104.5 grams of crack cocaine and an unloaded semi-automatic pistol. Mr. Lagunas admitted to police that both the crack cocaine and the weapon belonged to him, and that he possessed the former for the purpose of selling it to others.

Mr. Lagunas entered into a plea agreement whereby he agreed to plead guilty to a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), which he acknowledged carries a statutorily mandated minimum sentence of ten years to life imprisonment. For its part, the government agreed to recommend a sentence of not more than 120 months imprisonment. On September 21, 2005, the district court accepted Mr. Lagunas's plea after conducting a colloquy that established that the Defendant was fully competent to enter a plea, that he understood the nature of the charges against him and the consequences of his plea, and that his plea was knowing, voluntary, and supported by a factual basis. The court also informed Mr. Lagunas of the statutory minimum sentence and Guidelines range for which his conduct qualified.

Sentencing occurred on December 21, 2005. The court noted that it was bound to sentence Mr. Lagunas within the statutorily mandated range and could not depart below that range unless the government filed a motion reflecting substantial assistance in the investigation of another person who has committed an offense. *See* 18 U.S.C. § 3553(e). When the court asked Mr. Lagunas why he did not provide such assistance, he responded: "I just don't work that way . . . . [I]t's not right for me to get in trouble and put somebody else in trouble just because I'm in trouble. You know, do the crime, do the time." R. Vol. III, at 8. The court sentenced Mr. Lagunas to 120 months imprisonment.

Mr. Lagunas timely appealed.

## II. DISCUSSION

Following Mr. Lagunas's notice of appeal, his attorney filed an *Anders* brief, *see* 386 U.S. at 741-42, in which she explains that the district court followed the law in imposing Mr. Lagunas's sentence and, therefore, she can find no meritorious issue to raise on his behalf. Mr. Lagunas responded with his own *pro se* brief, in which he contends that he received ineffective assistance of counsel, that his sentence issued in violation of *United States v. Booker*, 543 U.S. 220 (2005), that he did not enter his plea knowingly, and that the district court improperly enhanced his sentence.

**A.**

Mr. Lagunas first asserts that his counsel was ineffective in pursuing this appeal. He also appears to argue that she was ineffective during the plea process. Generally, ineffective assistance of counsel claims must be raised in a collateral proceeding, which allows for the development of a factual record and review by a district court in the first instance. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Pursuant to this principle, we dismiss Mr. Lagunas's ineffective assistance of counsel claims.

We will address, however, an argument that Mr. Lagunas advances in support of his ineffective assistance claim, interpreting it as a claim on the merits. He contends that the district court failed to apply properly the exception to mandatory minimum sentences contained in 18 U.S.C. § 3553(f). Under the statute, a sentencing court must "impose a sentence pursuant to" the United States Sentencing Guidelines "without regard to any statutory minimum sentence," 18 U.S.C. § 3553(f), if a number of conditions are met, one of which is that the defendant "did not . . . possess a firearm . . . in connection with the offense," *id.* § 3553(f)(2).[1]

---

[1] Mr. Lagunas notes that the Ninth Circuit recently held that the § 3553 safety valve "survives *Booker* to *require* district courts to impose sentences pursuant to the *advisory* Sentencing Guidelines." *United States v. Cardenas-Juarez*, 469 F.3d 1331, 1334 (9th Cir. 2006). Because we find that even if the statute does continue to apply, Mr. Lagunas cannot demonstrate plain error, we need not address the issue.

Because Mr. Lagunas failed to raise this argument at sentencing, we review for plain error. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Bowen*, 437 F.3d 1009, 1021 (10th Cir. 2006) (internal quotation marks omitted). Error exists "[i]f a legal rule was violated during the district court proceedings, and . . . the defendant did not waive the rule." *United States v. Olano*, 507 U.S. 725, 733–34 (1993). Mr. Lagunas has failed to demonstrate that error occurred. As noted, the § 3553 safety valve applies only if the defendant did not "possess a firearm . . . in connection with the offense," 18 U.S.C. § 3553(f)(2), and the burden is on the defendant to prove this condition is met. *Cf. United States v. Payton*, 405 F.3d 1168, 1170 (10th Cir. 2005) (noting that the burden is on the defendant to prove he qualifies for a downward departure under U.S.S.G. § 5C1.2, which tracks the requirements of 18 U.S.C. § 3553(f)). In his plea agreement, Mr. Lagunas stipulated that (1) during a search of his home police found 104.5 grams of crack cocaine in one kitchen cabinet and an unloaded semi-automatic pistol in another kitchen cabinet, and (2) that he admitted, in a post-search interview with the police, that the weapon belonged to him. This Court has previously held that "[t]he mere propinquity of . . . weapons and drugs suggests a connection between the two." *Id.* at 1171. Because Mr. Lagunas failed to raise the issue at trial, we have no way of knowing whether the district court simply found the safety valve

inapplicable (due to his possession of a gun in connection with the offense)—a reasonable assumption given the evidence in this case—or whether it failed to consider the issue altogether. Under these circumstances, we cannot conclude that the district court committed plain error. *Cf. United States v. Crockett*, 435 F.3d 1305, 1312 (10th Cir. 2006) ("When a defendant has not made a timely and sufficient proffer of the substance of the evidence, we are hindered in applying the plain error test. 'A full record and a prior decision in the district court are essential ingredients to our substantive review of issues—they flesh out an issue in a way the parties' briefs may not.'") (quoting *United States v. Pielago*, 135 F.3d 703, 709 (11th Cir.1998)). If Mr. Lagunas wants to pursue this claim in the context of an ineffective assistance claim in habeas proceedings, he is free to do so.

**B.**

Mr. Lagunas next appears to argue that *Booker* somehow undermines the validity of the mandatory minimum sentence applied in this case. Nothing in *Booker* supports this argument. Mr. Lagunas pleaded guilty to violating 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), which provides that anyone who "possess[es] with intent . . . to distribute . . . 50 grams or more of a mixture or substance . . . which contains cocaine base . . . shall be sentenced to a term of imprisonment which may not be less than 10 years." Once he so pleaded, all the facts necessary to support his sentence were established in conformity with constitutional

requirements. *See Booker*, 543 U.S. at 244 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be *admitted by the defendant* or proved to a jury beyond a reasonable doubt." (emphasis added)). That a judge-found fact might lead to a *lower* sentence pursuant to the safety valve provision is immaterial under *Booker*.

## C.

Mr. Lagunas next attacks the validity of his plea agreement. He argues that because he was unaware of the § 3553 safety valve and because he accepted the plea bargain upon his attorney's advice and "didn't know any better," Appellant's Pro Se Supp. Opening Br. at 11, he did not enter his plea intelligently. *See Bousley v. United States*, 523 U.S. 614, 618 (1998) ("A plea of guilty is constitutionally valid only to the extent it is voluntary and intelligent." (internal quotation marks omitted)). The record does not support this contention. Mr. Lagunas participated in a valid Rule 11 colloquy during which the court ensured he understood the nature of the charges against him, the terms of the proposed agreement, and the rights he would relinquish by entering the agreement. To the extent Mr. Lagunas believes his counsel erred in advising him, we again stress that such claims are to be advanced in a collateral proceeding.

**D.**

Mr. Lagunas's final argument is that the district court improperly increased his sentence based on the fact that an unloaded gun was found during the search of his house. Since Mr. Lagunas was sentenced to the mandatory minimum, based solely on the facts admitted in his plea, this argument fails.

## III. CONCLUSION

After carefully examining the briefs and the record, we agree with Ms. Eskesen's assessment: the district court was bound to follow the requirements of Fed. R. Crim. P. 11 in accepting Mr. Lagunas's plea, and was bound under 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) to sentence Mr. Lagunas to at least ten years incarceration. The court dispatched both of these duties without error, and therefore we find no non-frivolous arguments on appeal.

We grant counsel's motion to withdraw and dismiss the appeal. We deny as moot Mr. Lagunas's motion to remove Ms. Eskesen as counsel and to proceed *pro se*. The judgment of the United States District Court for the District of Colorado is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge