**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SIMON JOSE LAGUNAS,

Defendant-Appellant.

No. 08-1228

District of Colorado

(D.C. No. 05-CR-00067-WYD)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

---

Appellant Simon Jose Lagunas, a federal prisoner proceeding *pro se*, appeals the district court's denial of his request for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

In January 2005, police officers searched Simon Jose Lagunas' residence and found approximately 104.5 grams of crack cocaine along with an unloaded, semi-automatic pistol. Mr. Lagunas admitted to the police that the weapon belonged to him and that he possessed the crack cocaine for the purpose of selling it. In September 2005, Mr. Lagunas pled guilty to knowingly and intentionally possessing with the intent to distribute a mixture or substance containing more than 50 grams of a substance that contains a detectable amount of cocaine base. He was subsequently sentenced to 120 months in prison in December 2005.

In February 2008, Mr. Lagunas filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), which allows for the reduction of a sentence where, *inter alia*, the relevant guidelines have been lowered by amendment (in this case, Amendment 706). The district court denied Mr. Lagunas' motion because he was already serving the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii).

## II. Discussion

Mr. Lagunas makes two arguments on appeal. First, he argues that his sentence can be lowered below the mandatory minimum because it was issued pursuant to the Sentencing Guidelines rather than the mandatory minimum. Second, he argues that the government forfeited its right to assert that he was sentenced under the mandatory minimum by failing to raise the issue in a timely

appeal following sentencing.  Mr. Lagunas arguably forfeited his right to make these arguments on appeal by not raising them in the district court.  Because, however, his arguments are without merit under any standard of review, we do not address whether Mr. Lagunas forfeited this right.  We address the arguments in the order in which they were presented to us.

### A. Mandatory Minimum Sentencing

Mr. Lagunas' argument that he was sentenced under the Guidelines rather than the mandatory minimum is contradicted by the record.  Although he points in his brief to instances in which the district court relied on the Sentencing Guidelines, he disregards the numerous occasions throughout the sentencing process on which both the court and the parties recognized that the sentence was subject to the mandatory minimum.  For example, Mr. Lagunas agreed in writing and verbally to the Plea Agreement, which stated: "There is a mandatory minimum sentence of 120 months required by statute under 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii).  Therefore, the Court must sentence the defendant to no less than 120 months, a sentence which the parties recommend."  R. Vol. I, doc. 34 at 5.  Similarly, during the change of plea proceedings, Mr. Lagunas verbally acknowledged that the "statutory penalt[y] for the offense to which [he] pled" was "not less than ten [years]."  R. Vol. II at 6–7.  Likewise, the district court's judgment declares that Mr. Lagunas pled guilty to the offense found in 21 U.S.C. § 841(b)(1)(A)(iii), which contains the mandatory minimum sentence provision.

Even Mr. Lagunas' own *pro se* Motion for Modification to the district court in this matter stated that "because of the statute[']s mandate, [the sentencing judge] was left with no choice but to sentence Defendant to the full 120-months." R. Vol. I, doc. 58 at 2–3.

As it rightly noted, the district court has no authority to sentence Mr. Lagunas below the statutory minimum. *See* U.S.S.G. § 1B1.10, cmt.1(A) (noting that a statutory mandatory minimum sentence may prevent the lowering of a sentence under § 3582(c)). The two significant exceptions to the mandatory minimum sentence statute are found in 18 U.S.C. § 3553(e) and (f), both of which require a defendant to provide information or assistance to the government. Mr. Lagunas affirmatively declined the use of these exceptions at his sentencing and does not raise these provisions on appeal.

### *B. Waiver*

Mr. Lagunas' second argument similarly fails. He argues that the government forfeited its right to assert that the sentence was pursuant to the mandatory minimum because it did not appeal the issue following sentencing. As discussed *supra*, the sentence *was* issued pursuant to the mandatory minimum. Needless to say, the government was not required to appeal an issue already decided in its favor, and it did not forfeit any rights by failing to do so.

### III. Conclusion

The judgment of the United States District Court for the District of Colorado is therefore **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge