FILED
United States Court of Appeals
Tenth Circuit

November 13, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DEMARCUS HOUSTON,

    Defendant - Appellant.

No. 09-3124
(D.C. No. 06-CR-20056-KHV-8)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.[**]

Defendant-Appellant DeMarcus Houston, proceeding pro se, appeals from the district court's denial of his motion for modification of his sentence under 18 U.S.C. § 3582(c)(2). Mr. Houston pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base, five kilograms or more of cocaine, and 1000 kilograms or more of marijuana. 21 U.S.C. §§ 841(a)(1), 846.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

He was sentenced to ten years' imprisonment and five years' supervised release. 1 R. 107-09. Because the statutory minimum sentence makes Mr. Houston ineligible for any reduction in light of Amendment 706 to the Sentencing Guidelines, we affirm.

On April 13, 2009, Mr. Houston filed a motion under 18 U.S.C. 3582(c)(2) for a reduction of his sentence based on Amendment 706 to the Sentencing Guidelines. 1 R. 113. The district court denied the motion, finding that Mr. Houston is not entitled to relief because he received the statutory minimum sentence. 1 R. 133-34. Mr. Houston appeals arguing that the district court erred by not granting him a two-level reduction of the base offense level of his sentence. Aplt. Br. at 2. "We review de novo the district court's interpretation of a statute or the sentencing guidelines," and we "review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)." United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008) (internal quotations omitted).

District courts may reduce a term of imprisonment "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 706 to the Sentencing Guidelines, an amendment pursuant to 28 U.S.C. § 994(o), reduced the offense level applicable to most crack cocaine offenses by two levels. See U.S.

Sentencing Guidelines Manual app. C, amend. 706 (Supp. May 1, 2008). Although Amendment 706 would reduce the guidelines range applicable to Mr. Houston's sentence from 108-135 months to 87-108 months, see 1 R. 133-34, the sentencing court based its sentence on the mandatory minimum sentence of 120 months rather than the guidelines range under 21 U.S.C. § 841(b)(1)(A). Relief under § 3582(c)(2) is not available to a defendant whose sentence was based on the statutory minimum and not on the sentencing guidelines. United States v. Paulk, 569 F.3d 1094, 1095-96 (9th Cir. 2009); see also United States v. Griego, 2009 WL 1598451, at *2 (10th Cir. June 9, 2009) (unpublished); United States v. Lloyd, 313 F. App'x 169, 171 (10th Cir. 2009). Further, the district court lacks authority to sentence Mr. Houston below the statutory minimum. United States v. Lagunas, 309 F. App'x 265, 266 (10th Cir. 2009); United States v. Smartt, 129 F.3d 539, 542-43 (10th Cir. 1997).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge