FILED
United States Court of Appeals
Tenth Circuit

May 7, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SIMON JOSE LAGUNAS,

Defendant - Appellant.

No. 12-1428
(D.Ct. No. 1:05-CR-00067-WYD-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Simon Jose Lagunas appeals the district court's denial of his 18

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 3582(c)(2) motion for a reduction of sentence. Although Mr. Lagunas has filed a *pro se* appeal, his appointed counsel has filed an *Anders* brief and moves for permission to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

I. Factual and Procedural Background

The following facts are contained in the record on appeal, as well as in our decisions disposing of Mr. Lagunas's prior appeals to this court. *See United States v. Lagunas*, 309 F.App'x 265 (10th Cir. Jan. 30, 2009) (unpublished op.) (*Lagunas II*); *United States v. Lagunas*, 214 F.App'x 841 (10th Cir. Jan. 30, 2007) (unpublished op.) (*Lagunas I*). On January 20, 2005, pursuant to a search warrant, a narcotics unit of the police department in Pueblo, Colorado, searched Mr. Lagunas's residence where they found an unloaded semi-automatic pistol and 104.5 gross grams of a cocaine base (crack cocaine) substance, which a laboratory test later revealed totaled 85.37 grams of crack. *See Lagunas I*, 214 F.App'x at 843. On arrest, Mr. Lagunas admitted both the gun and crack cocaine belonged to him and he planned to sell the drug to others. *See id.* He later pled guilty to possession with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). *See id.* In his plea agreement and during the change of plea hearing, Mr. Lagunas acknowledged the

statutory penalty for his offense required a mandatory minimum sentence of 120 months' imprisonment. *See Lagunas II*, 309 F.App'x at 266.

Prior to sentencing, a federal probation officer prepared a presentence report in conjunction with the 2004 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). Based on the total of 85.37 grams of crack cocaine seized, the probation officer calculated the base offense level at 32. The probation officer added two levels under § 2D1.1(b)(1), for possession of a dangerous weapon, and reduced it three levels, for acceptance of responsibility, for a total offense level of 31. Mr. Lagunas's criminal history category of I, together with a total offense level of 31, resulted in a Guidelines range of 108 to 135 months' imprisonment. However, the probation officer noted the statutory mandatory minimum term of imprisonment for his offense, pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), required a 120-month sentence. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (effective Nov. 2, 2002, to March 8, 2006). Accordingly, on December 29, 2005, the district court sentenced Mr. Lagunas to the statutory mandatory minimum term of 120 months' imprisonment, rather than pursuant to the calculated Guidelines range. *See Lagunas II*, 309 F.App'x at 266; *Lagunas I*, 214 F.App'x at 843.

Mr. Lagunas filed a direct appeal, after which his counsel filed an *Anders*

brief and motion to withdraw as counsel, stating no meritorious issues existed to support his appeal. *See Lagunas I*, 214 F.App'x at 843. We granted counsel's motion and dismissed the appeal, rejecting Mr. Lagunas's argument that *United States v. Booker*, 543 U.S. 220 (2005), somehow undermined the validity of his mandatory minimum sentence and holding the district court "was bound under 21 U.S.C. § 841(a)(1) [and] (b)(1)(A)(iii) to sentence Mr. Lagunas to at least ten years incarceration." *Lagunas I*, 214 F.App'x at 845.

Thereafter, the United States Sentencing Commission (Sentencing Commission) issued Amendment 706 which modified the Drug Quantity Table in U.S.S.G. § 2D1.1(c) downward two levels for crack cocaine, effective November 1, 2007, and retroactive as of March 3, 2008.[1] In February 2008, Mr. Lagunas filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the changes in the Drug Quantity Table and the resulting two-level reduction in offense levels. *See Lagunas II*, 309 F.App'x at 266.

Following appointment of counsel for Mr. Lagunas and pleadings filed by the parties, the district court filed an order denying Mr. Lagunas's § 3582(c) motion, stating he was ineligible for a sentence reduction under 18 U.S.C.

---

[1] *See* U.S.S.G. Supp. to App. C, Amends. 706 (Reason for Amend.), 712, and 713; U.S.S.G. § 1B1.10(a)(2).

§ 3582(c)(2) because he was sentenced to the statutory mandatory minimum of 120 months' imprisonment. *See Lagunas II*, 309 F.App'x at 266. We affirmed the district court's order, holding the district court had no authority to sentence Mr. Lagunas below the statutory mandatory minimum. *Id.* at 267.

Shortly thereafter, Congress enacted the Fair Sentencing Act of 2010, which reduced the mandatory minimum sentencing penalties for crack cocaine by significantly reducing the prior crack/powder ratio but which we held did not apply retroactively to defendants sentenced under the prior sentencing ratio statute. *See* Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010); *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010) (holding statutory reduction in mandatory minimum penalty based on new ratio is not retroactive), *overruled in part by Dorsey v. United States*, ___ U.S. ___, 132 S. Ct. 2321, 2335 (2012) (holding the revised mandatory minimum sentences in the Fair Sentencing Act applied to pre-Act offenders sentenced after August 3, 2010). In addition, the Act directed the Sentencing Commission to revise the Guidelines to reflect a change in the crack/powder ratios. *See* Pub. L. No. 111-220, 124 Stat. 2372, 2374. Based on that directive, the Commission again reduced the Drug Quantity Table offense levels for crack cocaine, giving those reductions retroactive effect by amending Guidelines § 1B.10(c), which allows district courts to retroactively reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) for

certain expressly-cited amendments.[2]

On November 1, 2011, Mr. Lagunas filed the instant *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) on grounds he qualified for the newly-enacted mandatory minimum sentence of five years, or sixty months, for his offense, as provided by the amendments in the Fair Sentencing Act.[3] In support of Mr. Lagunas's *pro se* motion, his appointed counsel filed an additional pleading, acknowledging the Supreme Court's holding in *Dorsey* does not directly favor Mr. Lagunas, who received his sentence prior to the Act's effective date. Nevertheless, counsel argued the reduced statutory mandatory minimum sentence of sixty months should be applied to defendants, like Mr. Lagunas, who were sentenced prior to the Act. On September 14, 2012, the district court issued an order summarily denying the motion for a sentence

---

[2] *See* U.S.S.G. Supp. to App. C, Amends. 748, 750, and 759, which amended U.S.S.G. §§ 1B1.10 and 2D1.1 and provided retroactive application of the lower crack cocaine drug offense levels when proceeding under 18 U.S.C. § 3582(c)(2). *See also* Sentencing Commission's Guidelines Notice, 76 FR 41332-01, 2011 WL 2689212, at *1 (July 13, 2011).

[3] While previously 21 U.S.C. § 841(b)(1)(A)(iii) prescribed a mandatory minimum sentence of ten years, or 120 months, for fifty grams or more of a mixture or substance containing cocaine base, Congress amended the statute, now imposing a ten-year minimum for 280 grams or more of cocaine base. *Compare* 21 U.S.C. § 841(b)(1)(A)(iii) (effective Aug. 3, 2010) *with* 21 U.S.C. § 841(b)(1)(A)(iii) (effective Nov. 2, 2002, to March 8, 2006). In addition, the statute has been further amended to provide a mandatory minimum sentence of five years, or sixty months, for twenty-eight or more grams of cocaine base. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (effective Aug. 3, 2010).

reduction.  Mr. Lagunas now appeals the district court's order.

## II.  Discussion

Following Mr. Lagunas's *pro se* filing of the notice of appeal, appointed counsel filed an *Anders* appeal brief explaining that after a careful examination of the record on appeal and the relevant law, including our decision in *Lewis* and the Supreme Court's decision in *Dorsey*, no meritorious issues exist for our review on appeal.  *See Anders*, 386 U.S. at 744.  In support, counsel explains Mr. Lagunas received a statutory mandatory minimum sentence of 120 months imprisonment in December 2005, and the Fair Sentencing Act does not apply retroactively to sentences, like Mr. Lagunas's, imposed prior to August 3, 2010.

Pursuant to *Anders,* this court gave Mr. Lagunas an opportunity to respond to his counsel's *Anders* brief.  *See* 386 U.S. at 744.  However, Mr. Lagunas did not file such a response.  The government filed a notice of its intention not to file an answer brief in this appeal, stating it agrees with the assessment provided by Mr. Lagunas's counsel in the aforementioned *Anders* brief.

As required by *Anders*, we have conducted a full examination of the record before us.  *See Anders*, 386 U.S. at 744.  Based on such examination and the applicable law, we readily conclude Mr. Lagunas has raised no meritorious claims

on appeal.  Under § 3582(c)(2), a court may reduce a previously-imposed

sentence if the requested reduction is based on "a sentencing range that has

subsequently been lowered by the Sentencing Commission."  18 U.S.C.

§ 3582(c)(2).  *See also Dillon v. United States*, ___U.S. ___, 130 S. Ct. 2683,

2687-88 (2010).  As explained in Mr. Lagunas's previous appeal, he is not

serving a sentence based on a sentencing range lowered by the Sentencing

Commission because he was sentenced pursuant to the statutory mandatory

minimum sentence.  *See Lagunas II*, 309 F.App'x at 266-67.  *See also United

States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997).

In addition, our prior precedent squarely precludes retroactive application

of the lower mandatory minimum sentence provided by the Fair Sentencing Act to

offenders, like Mr. Lagunas, who received their sentence before the Act's

effective date of August 3, 2010.  *See United States v. Lucero*, ___ F.3d ___,

2013 WL 1501954, at *3 (10th Cir. Apr. 15, 2013) (slip op.).[4]  This is in full

accord with decisions of other federal courts of appeal.  *See United States v.

Baptist*, 646 F.3d 1225, 1229 (9th Cir. 2011) (listing other circuit decisions), *cert.

denied,* 132 S. Ct. 1053 (2012).  Finally, as counsel outlined in his *Anders* brief,

the Supreme Court's decision in *Dorsey* is inapposite here as it stands for the

---

[4]  *See also United States v. Cornelius*, 696 F.3d 1307, 1328 (10th Cir. 2012); *United States v. Osborn*, 679 F.3d 1193, 1195 n.1 (10th Cir. 2012); *Lewis*, 625 F.3d at 1228.

narrow proposition the lower mandatory minimum sentences, provided by the Fair Sentencing Act, apply to defendants who committed their offense before the Act's effective date but were sentenced after it took effect. *See Dorsey*, 132 S. Ct. at 2335. Because Mr. Lagunas was sentenced before the Act's effective date, the holding in *Dorsey* clearly does not apply. In sum, Mr. Lagunas has not raised a meritorious claim on appeal.

## III. Conclusion

For these reasons, no meritorious appellate issue exists for our review on direct appeal. Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** Mr. Lagunas's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge