FILED
United States Court of Appeals
Tenth Circuit

March 15, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDRIN ADRIAN MUNOZ,

    Defendant - Appellant.

No. 16-4110
(D.C. No. 2:10-CR-00511-DB-2)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

In 2012, Edrin Adrian Munoz pled guilty to possession of over 50 grams of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). His Presentence Report (PSR) set the base offense level at 34. It then added two levels for possessing a dangerous weapon. After a three-level reduction for acceptance of responsibility, Mr. Munoz's total offense level was 33. With a Criminal History Category of I, Mr. Munoz's advisory sentencing guideline range was 135 to 168 months. Because the offense involved at least 50 grams of methamphetamine, Mr. Munoz's

_____

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction triggered a statutory mandatory minimum sentence of ten years under 21 U.S.C. § 841(b), which was also noted in the PSR.

At sentencing, the district court acknowledged that it "can't give a sentence any less than ten years under the federal law" (Sent. Tr. at 8) and noted its "strong inclination to sentence Mr. Munoz to the mandatory minimum sentence of the ten years" (*id.* at 4–5). Following its inclination, the court ultimately sentenced Mr. Munoz to ten years of imprisonment, i.e., the statutory mandatory minimum. Mr. Munoz did not appeal.

Last year, Mr. Munoz filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on the U.S. Sentencing Commission's Amendment 782, which would lower his base offense level (and his guideline range), and Amendment 788, which made Amendment 782 retroactive. Mr. Munoz also reports that he has "been working very hard at rehabilitation," that he "accept[s] full responsibility" for his crime, and that he "ha[s] learned many skills during [his] incarceration." (Br. at 2.) According to the record, he is enrolled in an ESL class and is working toward his GED. His disciplinary history is minimal and he has maintained clear conduct since 2013.

Nonetheless, the district court was obliged to deny Mr. Munoz's § 3582(c)(2) motion. "[A] district court is authorized to reduce a sentence under § 3582(c)(2) *only if* the defendant was originally sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission." *United States v. White*, 765 F.3d 1240, 1246 (10th Cir. 2014) (internal quotation marks omitted) (emphasis in original). A defendant who was sentenced pursuant to a statutory mandatory minimum term of imprisonment was not sentenced "based on a sentencing

range," and is therefore ineligible for a sentence reduction under § 3582(c)(2). *See United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997); *see also United States v. Lagunas*, 523 F. App'x 537, 540 (10th Cir. 2013) ("[Defendant] is not serving a sentence based on a sentencing range lowered by the Sentencing Commission because he was sentenced pursuant to the statutory mandatory minimum sentence.").

Because Mr. Munoz was sentenced pursuant to a statutory mandatory minimum, he is ineligible for a sentence reduction under § 3582(c)(2). Accordingly, the district court rejected the § 3582(c)(2) motion. However, it would appear that the district court denied the motion on the merits. It should have, instead, dismissed the matter for lack of jurisdiction. *See United States v. C.D.*, No. 15-3318, 2017 WL 694483, at *2 n.2, *4 (10th Cir. Feb. 22, 2017).

We **REMAND** the matter to the district court with instructions to **VACATE** its order denying the motion and enter a new order dismissing the § 3582(c)(2) motion for lack of jurisdiction. Mr. Munoz's motion for leave to proceed *in forma pauperis* on appeal is **GRANTED**.

Entered for the Court

Monroe G. McKay
Circuit Judge

- 3 -