**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 5, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRANCISCO LUBIO,

    Defendant - Appellant.

No. 17-3079
(D.C. No. 2:10-CR-20017-CM-2)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

In 2010, while represented by appointed counsel, Francisco Lubio pleaded

guilty to one count of conspiracy to distribute and possess with the intent to distribute

over 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and

(b)(1)(A). In a plea agreement, Lubio admitted that he possessed 330.9 grams of

actual methamphetamine. Based on this amount, the Presentence Investigation Report

("PSR") calculated a base offense level of 34. *See* U.S.S.G. § 2D1.1(c)(3) (U.S.

Sentencing Comm'n 2009). The PSR then subtracted three offense levels to account

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

for Lubio's acceptance of responsibility, which resulted in a total offense level of 31. When combined with Lubio's criminal-history category of I, this total offense level produced an advisory guideline range of 108 to 135 months. But, because Lubio's offense involved at least 50 grams of methamphetamine, the PSR also noted that Lubio's conviction triggered a statutory mandatory-minimum sentence of 10 years under 21 U.S.C. § 841(b)(1)(A). Under this circumstance, Lubio's guideline range became 120 to 135 months. *See* U.S.S.G. § 5G1.1(c)(2).

After receiving no objections from the parties, the district court adopted the PSR in full and imposed the mandatory-minimum sentence of 10 years, plus five years of supervised released and a $100 monetary assessment.

In 2016, Lubio filed a motion under 18 U.S.C. § 3582(c)(2), seeking to reduce his sentence based on the U.S. Sentencing Commission's Amendment 782, which lowered the base offense level from 34 to 32 for offenses involving 330.9 grams of actual methamphetamine. But the district court dismissed Lubio's motion for lack of jurisdiction, concluding that, because of the 10-year statutory mandatory minimum, Lubio's advisory guideline range had not been lowered. Lubio now appeals.

We review "de novo the scope of a district court's authority to resentence a defendant in a § 3582(c)(2) proceeding." *United States v. Gay*, 771 F.3d 681, 685 (10th Cir. 2014). Under § 3582(c)(2), "a district court is authorized to reduce a sentence . . . *only if* the defendant was originally 'sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission.'" *United States v. White*, 765 F.3d 1240, 1246 (10th Cir.

2

2014) (quoting § 3582(c)(2)). But when a district court sentences a defendant to a statutory mandatory-minimum sentence, it bases the defendant's sentence on the mandatory minimum rather than "a sentencing range that has subsequently been lowered," § 3582(c)(2), making the defendant "ineligible for a sentence reduction under § 3582(c)(2)," *United States v. Munoz*, 682 F. App'x 635, 636 (10th Cir. 2017) (unpublished).

Here, the district court sentenced Lubio to a statutory mandatory-minimum sentence of 10 years, and Amendment 782 does not lower his sentencing range in that circumstance. So Lubio is ineligible for a sentence reduction under § 3582(c)(2). Therefore, the district court properly dismissed Lubio's motion for lack of jurisdiction, and we AFFIRM.[1]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[1] Based on Lubio's financial inability to pay, the district court granted Lubio's motion to proceed *in forma pauperis* ("*IFP*") on appeal. Order, May 24, 2017, ECF No. 70. We do not reevaluate that decision. *See* Fed. R. App. P. 24(a)(2) (providing that a party may proceed *IFP* on appeal where the district court has granted leave to do so).